**TALK TO ME PRODUCTS, INC., Plaintiff,**

v.

**LANARD TOYS, INC. and Lanard Toys, Ltd., Defendants.**

**No. 92–CV–2998 (JRB).**

United States District Court, E.D. New York.

Dec. 18, 1992.

Gerard F. Dunne, New York City, for plaintiff.

Brumbaugh, Graves, Donohue & Raymond, New York City (Thomas R. Nesbitt, Jr., of counsel), for defendants.

## MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

### I. BACKGROUND

This is a patent infringement action concerning Claim 10 of United States Patent No. 4,239,129 (December 16, 1980) issued to Garry F. Esposito for a toy "Water Pistol and/or Flashlight Structure" ("Esposito Patent"), to which plaintiff Talk To Me Products, Inc. ("TTMP") is the assignee. TTMP granted a license in its assigned rights to Arcotoys, Inc., which manufactures a toy water gun called the "American Gladiator." Defendants Lanard Toys, Inc. and Lanard Toys, Ltd., ("Lanard") manufactures two toy water guns called the "Big Kahuna" and "Kahuna Jr." (collectively "Kahuna"), which are identical in design except for the size of their housings. TTMP alleges that the Kahuna equivalently infringes Claim 10 of the Esposito patent, and Lanard moves for summary judgment pursuant to Fed.R.Civ.P. 56 on this claim.

Both the Esposito water gun and the Kahuna operate by pressurizing water housed in a tank with an air pump. The pressure enables water to travel out of the tank through a trigger-operated valve into an outlet tube and to squirt through a nozzle into the air in a stream. Water guns which operate under the same principle by employing a water tank, air pump, trigger-operated valve, outlet tube and nozzle have been patented since 1898. *See* Bunnell *et al.*, U.S. Patent No. 599, 383 (February 22, 1898); Stelzer, U.S. Patent No. 2, 589,977 (November 18, 1949); Jones, U.S. Patent No. 4, 214,674 (July 29, 1980).

The "Background of the Invention" contained in the Esposito patent reads as follows:

> Children of all ages, especially boys, through the years have exhibited a fascination for water, lights and noise and the

subject invention deals with these factors embodied in a toy simulating a pistol.

> An appreciable number of U.S. patents have been issued which are directed to water pistols but none appear to disclose a unique assembly of components which can be utilized to simultaneously produce a jet or stream of water, means for illuminating the stream and a noise, or if so desired, one which can be operated without employing the noise and stream illuminating means. A reciprocal pump is employed to obtain sufficient pressure whereby the pistol can eject a stream an appreciable distance in the neighborhood of thirty feet and this stream can be illuminated to more or less simulate a lazer beam. [sic]

Claim 10 describes the arrangement of several components of the water pistol as follows:

> A toy simulating a pistol comprising wall structure forming an elongated barrel of appreciable cross-section dimensions [case], a tank in the barrel for a liquid [water tank] and a hollow handle, a cylinder disposed *axially* in said tank and provided with a check valve, a piston mounted in said cylinder for manual reciprocation for pumping air into said tank [air pump], conduit means [outlet tube] connected to said tank and having an outlet located at the front of said barrel [outlet nozzle], valve means interposed in said conduit means, and a trigger operable independently of said piston carried by said handle for operating said valve means [trigger-operated valve] for controlling the forced flow of liquid through said outlet. [emphasis supplied].

A diagram adapted from the Esposito patent illustrating its design is attached as Diagram A.

The Kahuna water pistol is not patented. Unlike the Esposito water gun, the Kahuna has no light or noise mechanism. A diagram illustrating its design is attached as Diagram B.

### II. DISCUSSION

■ Summary judgment is proper only when it appears plain from the record that

"there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The function of the district court in a summary judgment motion is to determine whether there are any genuine issues for trial while resolving all ambiguities and drawing all doubtful inferences against the moving party. *Trans–Orient Marine Corp. v. Star Trading & Marine, Inc.*, 925 F.2d 566, 572 (2d Cir.1991). Since Lanard does not bear the burden of proof at trial, summary judgment is proper only if TTMP's proofs are such that a reasonable jury could not return a verdict in its favor. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–26, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986); *Brady v. Town of Colchester*, 863 F.2d 205, 211–12 (2d Cir. 1988).

▪ The sole issue presented is whether the Kahuna infringes Claim 10 through the doctrine of equivalents. The test for equivalent infringement is that the accused device infringes if it "performs substantially the same function in substantially the same way to achieve substantially the same result...." as the patented device. *London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1538 (Fed.Cir.1991); *see Graver Tank & Mfg. Co., Inc. v. Linde Air Products Co.*, 339 U.S. 605, 608, 70 S.Ct. 854, 856, 94 L.Ed. 1097 (1950). The rationale underlying this rule of equity is to prevent a patent grant from becoming a "hollow and useless thing" against an "unscrupulous copyist" who makes "unimportant and insubstantial" modifications to a device which barely avoid literal language of the patent claims. *Graver Tank*, 339 U.S. at 607, 70 S.Ct. at 855; *see London*, 946 F.2d at 1538. Application of the doctrine is limited to exceptional situations in order to discourage careless claim drafting. *See London*, 946 F.2d at 1538. Equivalency is determined "against the context of the patent, the prior art, and the particular circumstances of the case." *Graver Tank*, 339 U.S. at 609, 70 S.Ct. at 856. In particular, unless a substantial equivalent of every limitation in the patent claim is found in the accused device, there can be no equivalent infringement. *Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.*, 868 F.2d 1251, 1259 (Fed.Cir.1989).

▪ TTMP claims that Claim 10 "defines" a novel relationship among three components common to any air pressurized water gun: the tank, air pump and outlet nozzle. Pl.'s Mem. L. at 8. TTMP asserts that Claim 10 provides that the tank, air pump and outlet nozzle be situated along the same axis. TTMP alleges that axial arrangement of these three components is novel because the prior art describes water guns with outlet nozzles located higher than their tanks.[1] TTMP explains that by placing the outlet nozzle higher than the water source, water must be pumped upwardly against gravity, and water also can drain downwardly through the tubing into the tank during periods when the toy is not in use. Air pockets supposedly can form in the tubing and the water gun may sputter when a child resumes play after prior use of the toy. According to the affidavit of inventor Garry F. Esposito, axial arrangement of the components purportedly solves the sputtering problem because the tube remains charged with water. Esposito Aff. ¶ 6–8. TTMP claims that the Kahuna equivalently infringes Claim 10 because the Kahuna has a tank, air pump and nozzle arranged on the same axis and achieves the same result.

TTMP is mistaken that Claim 10 defines a water gun with the tank, pump and outlet nozzle located on the same axis. While Diagram A depicts an outlet nozzle located along the same axis as the pump and tank, it is clear from Claim 10 that the nozzle could be placed higher or lower than the pump/tank axis and be consistent with it. *See also Foxboro Co. v. Taylor Instrument Companies*, 157 F.2d 226, 232 (2d Cir.), *cert. denied* 329 U.S. 800, 67 S.Ct. 494, 91 L.Ed. 684 (1946) (Hand, J.) ("no invention can be saved by features which

---

**1.** Whether this statement concerning the prior art is true or not is immaterial for purposes of resolving this motion.

appear only in the figures [diagrams], and are not mentioned in the text"). Claim 10 only describes an air pump disposed axially inside a tank and there is no corresponding limitation concerning placement of the outlet nozzle. This omission is fatal to TTMP's claim of equivalent infringement because it can exist only when a substantial equivalent of every limitation of the patent claim itself is found in the accused device. Axial placement of the Kahuna outlet nozzle cannot infringe because there is nothing in Claim 10 to which it could be substantially equivalent.

Even if it appears from Diagram A and Claim 10 that the nozzle must be placed on the same axis as the tank and the pump, such placement has nothing to do with emitting water without sputtering. The Esposito patent from start to finish is devoid of any reference to this purported result. The "Background of the Invention" and Claims 13–14 indicate that axial placement of the nozzle, if at all, exists "to impart a glow to the water ejected through said nozzle" which would "more or less simulate a lazer beam" [sic] when the lamp located "adjacent" to the nozzle is illuminated. The equivalents doctrine requires a substantial equivalent in the result asserted. The alleged Kahuna result of emitting water without sputtering cannot infringe because there is no substantially equivalent result enumerated in the Esposito patent.

Esposito declares in his affidavit that the axial arrangement of the tank, pump and nozzle is an "important" feature of his invention because it solves the sputtering problem. Esposito Aff. ¶ 6. If so, he should have claimed it in the patent or attempted to correct its omission from the patent by reissue. *See Perkin–Elmer Corp. v. Westinghouse Elec. Corp.*, 822 F.2d 1528, 1532 (Fed.Cir.1987). "Though the doctrine of equivalents is designed ... to relieve an inventor from a semantic straight jacket when equity requires, it is not designed to permit wholesale redrafting of a claim to cover non-equivalent devices, i.e., to permit a claim expansion that would encompass more than an insubstantial change." *Id.* Application of the doctrine of equivalents here would only permit claim expansion because Claim 10 says nothing about the placement of the outlet nozzle, and even if it does, the entire patent says nothing about the result of avoiding sputtering.

The Court has carefully considered the merits of the defendants' motion, and for the reasons stated above, IT IS HEREBY GRANTED.

SO ORDERED.

DIAGRAM A

(ESPOSITO WATER GUN)

98

DIAGRAM B

(LANARD KAHUNA WATER GUN)