26 F.3d 138
 31 U.S.P.Q.2d 1062
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
TALK TO ME PRODUCTS, INC., Plaintiff-Appellant,
v.
LANARD TOYS, INC. and Lanard Toys, Ltd., Defendants-Appellees.
 No. 93-1412.
 United States Court of Appeals, Federal Circuit.
 April 12, 1994.
 
 Before MAYER, MICHEL, and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Talk to Me Products, Inc., appeals the judgment of the United States District Court for the Eastern District of New York granting summary judgment that the toy water pistol sold by Lanard Toys, Inc. does not infringe United States Patent No. 4,239,129. Talk to Me Prods., Inc. v. Lanard Toys, Inc., 811 F.Supp. 93, 27 USPQ2d 1286 (E.D.N.Y.1992). We affirm.
 
 
 2
 The claim at issue in this case, claim 10 of the '129 patent, is directed to a toy water pistol. The terms of the claim require that the pistol have a barrel, that a liquid storage tank be placed "in the barrel," an air pump be placed in the tank, and an outlet nozzle be placed in the front of the barrel.* It is conceded that Lanard's accused product does not meet the literal limitations of the claim because its tank is not in the barrel but attached to the outside, at the rear, and that its pump is not in the tank, but in the barrel in front of the tank. Talk to Me, however, asserts that Lanard's product infringes its patent under the doctrine of equivalents.
 
 
 3
 In order to infringe a patent under the doctrine of equivalents, an accused device must perform substantially the same function, in substantially the same way, to achieve substantially the same result. Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 339 U.S. 605, 608 (1950). Application of the doctrine serves in the appropriate case to expand the right to exclude granted by the patent to include "equivalents" of what is claimed, but it cannot be used to erase the meaningful limitations of those claims "on which the public is entitled to rely in avoiding infringement." Perkin-Elmer Corp. v. Westinghouse Elec. Corp., 822 F.2d 1528, 1532, 3 USPQ2d 1321, 1324 (Fed.Cir.1987). "The concept of equivalence cannot embrace a structure that is specifically excluded from the scope of the claims." Dolly, Inc. v. Spalding & Evenflo Companies, Inc., --- F.3d ----, ----, 29 USPQ2d 1767, 1771 (Fed.Cir.1994). Because Talk to Me failed to present sufficient evidence that placing a tank outside the barrel, an arrangement literally excluded from the claim through the limitation calling for a tank "in the barrel," is equivalent to its internal tank arrangement, it could not defeat Lanard's motion for summary judgment.
 
 
 4
 Instead of addressing this issue, Talk to Me opposed summary judgment on its theory that the "way" in which its patented device performs the function of water delivery is through "axial alignment" of the pump, tank and nozzle which has the "result" of preventing "sputtering". The accused device, it is alleged, places these three components along the same axis, although the tank is placed outside the barrel, to its rear. It is argued that by utilizing this "axial arrangement" of the three components, the accused product functions in substantially the same way as the patented device and also achieves the result of preventing sputtering.
 
 
 5
 Where Talk to Me's argument fails, however, is that there is nothing in the patent that claims, describes, or fairly implies this allegedly essential axial alignment of the pump, tank and nozzle. Although Fig. 5 of the patent discloses an embodiment where these components may appear to have an axial relationship, nothing in the written specification describes any such relationship or discloses anything about the alleged prior art problem of sputtering.** The only evidence asserted for this contention is the affidavit testimony of the inventor taken for the purpose of this litigation. If the asserted structural arrangement or result of avoiding sputtering were truly meaningful components of the patent, the public is entitled to know that fact, but on this subject the patent is entirely silent. Talk to Me provides no explanation for this silence or why the axial arrangement of components was never claimed. The inescapable conclusion is that these allegedly essential features simply are not part of the function/way/result of the patent claims. Just as the doctrine of equivalents cannot be used to erase meaningful limitations in the claims, it may not be used to create new limitations where none exist in the patent.
 
 
 6
 The purpose of the doctrine is to prevent an infringer from making an insubstantial change to the claimed subject matter in order to escape the literal terms of the claims while still appropriating the substance of the patent. Graver Tank, 339 U.S. at 607. In light of the lack of evidence presented by Talk to Me to the contrary, placing the tank outside the barrel as done by Lanard cannot be considered an insubstantial change. On the record before us, Lanard's product does not perform in substantially the same way as the patented water pistol and therefore there is no infringement under the doctrine of equivalents.
 
 
 
 *
 Claim 10 reads in its entirety:
 
 
 A
 toy simulating a pistol comprising wall structure forming an elongated barrel of appreciable cross-section dimensions, a tank in the barrel for a liquid and a hollow handle, a cylinder disposed axially in said tank and provided with a check valve, a piston mounted in said cylinder for manual reciprocation for pumping air into said tank, conduit means connected to said tank and having an outlet located at the front of the barrel, valve means interposed in said conduit means, and a trigger operable independently of said piston carried by said handle for operating said valve means for controlling the forced flow of liquid through said outlet. [Emphasis added]
 
 
 **
 The only mention of an axial relationship in the specification or claims relates to the positioning of the pump axially in the tank. Nothing is mentioned about the relationship of these components to the nozzle at all. The only mention of any positioning of the nozzle is that it is placed at the front of the barrel
 The word "sputtering" is not found anywhere in the patent, nor is there anything in the description of the prior art or the objectives of the invention that can fairly be read to describe any alleged problem caused by gravity on the delivery of a steady stream of water. There is simply nothing in the patent disclosure that would indicate to the public that "sputtering" was a problem with prior art water guns, or that the invention of the patent solved this problem, or even attempted to do so.